1 | **Salar Atrizadeh, Esq. (SBN: 255659)**
2 | LAW OFFICES OF SALAR ATRIZADEH
    9701 Wilshire Blvd., 10th Floor
3 | Beverly Hills, CA 90212
    Telephone: 310-694-3034
4 | Facsimile:  310-694-3057
    Email:      salar@atrizadeh.com
5 | Attorneys for Plaintiff
    KEITH BIGGS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| KEITH BIGGS, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>DOES 1-25, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. VIOLATION OF COMPUTER FRAUD AND ABUSE ACT UNDER 18 U.S.C. § 1030<br>2. COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 ET SEQ.<br>3. CIVIL HARASSMENT IN VIOLATION OF C.C.P. § 527.6<br>4. INVASION OF PRIVACY<br>5. DECLARATORY RELIEF<br><br>[DEMAND FOR JURY TRIAL] |

COMES NOW PLAINTIFF, KEITH BIGGS, AND AVERS AND ALLEGES AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:

### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 18 U.S.C. § 1030, the U.S. Copyright Act, under 17 U.S.C. § 101, et seq., and 28 U.S.C. §§ 1331-1332, in that the claims alleged herein arise under the laws of the United States of America. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims, and arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

2. The Court has jurisdiction over Plaintiff's action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2203 and Rules 57 and 65 of the Federal Rules of Civil Procedure. In addition, complete diversity also exists between plaintiff and defendants.

3. Venue is proper pursuant to 28 U.S.C. §1391 et seq. because: (i) Defendants reside and/or conduct their business in this district; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (iii) a substantial part of property that is the subject of this action is situated in this district.

### THE PARTIES

4. Plaintiff Keith Biggs ("Plaintiff") is, and at all times mentioned herein was, an individual residing in State of Tennessee, and at all times relevant herein was a resident of Bartlett, Tennessee.

5. On information and belief, Defendants reside or do business in Los Angeles, California. The true names of Does 1 through 25, inclusive, (collectively "Defendants") are unknown to Plaintiff at this time. Plaintiff sues these Defendants by such fictitious names pursuant

to Code of Civil Procedure § 474. Plaintiff is informed and believes, and based on that information and belief alleges that each of the Defendants designated as a Doe is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff alleged herein.

6. Plaintiff is informed and believes, and based on that information and belief alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of such agency and employment.

## COMMON FACTS AND GENERAL ALLEGATIONS

7. This action arises from the misconduct of Defendants, and each of them, who have engaged in conduct constituting unauthorized access to computers (a/k/a hacking), copyright infringement, civil harassment, and invasion of privacy upon Plaintiff and his immediate family.

8. Plaintiff owns and operates an adult website, namely EliseErotic.com ("Website") that posts nude or semi-nude photographs of women. Plaintiff is the sole owner and operator of the Website and has neither given permission nor authority to any person or entity to own or operate the aforesaid Website.

9. On or about November 24, 2013, Defendants accessed Plaintiff's servers without authority in order to gain control over Plaintiff's Website. In fact, Defendants used cracked or stolen passwords to gain access or control over Plaintiff's Website.

10. On information and belief, Defendants, and each of them, transmitted a program, information, code, or command in order to cause damage to Plaintiff's website and servers.

11. On information and belief, Defendants, and each of them, are using websites, forums, and Internet Service Providers (collectively "ISPs"), including, but not limited to, Tumblr,

Blogspot, Usenet, and Forums.security-forum.net, as outlets to post unwarranted or unauthorized comments, photographs, or other information about Plaintiff and his immediate family. For example, on or about November 2013, Defendants posted Plaintiff's real name and home address on the ISPs.

12. Defendants knowingly and with intent to defraud trafficked passwords or similar information. In addition, Plaintiff's servers were accessed without authorization, wherein the aforesaid trafficking affected interstate or foreign commerce.

13. Moreover, Defendants sent direct emails by using fake or proxy headers, and/or anonymous messaging services (e.g., SilentSender.com), which do not store messages once viewed or expire after a certain amount of time.

14. In fact, between April 19, 2009 and March 16, 2010, U.S. Copyright Registration Numbers VA1-666-886, VAu 986-352, VA1-667-887, VA1-678-515, VA1-681-600, VA1-690-926, and VA1-706-223, entitled as "Chevron Hose," "EveningDressatNoon," "Glitter," "New Red Heels," "Sheer Top," "Totally Sheer," and "All Black" accordingly, (collectively referred to as "Works") were duly and legally issued by the U.S. Copyright Office. The exclusive copyrights in the aforesaid Works have been assigned to Plaintiff, who is the owner of the copyright, with the right to sue for copyright infringement thereon and recover for infringement thereof.

15. Defendants have also threatened, harassed or intimidated Plaintiff by sending messages. For example, on or about December 5, 2013, Defendants, and each of them, sent an anonymous email message to Plaintiff, by using SilentSender.com, and attached a semi-nude photograph thereto. Therein, Defendants stated "Hello Mrs. Biggs. Family Safe?"

16. Moreover, Defendants have engaged in a continuous pattern of intimidation, harassment, and stalking against Plaintiff and his immediate family. Defendants have posted fake,

duplicated, and/or manipulated photographs (by using special software) in order to alarm, annoy, or harass Plaintiff and his immediate family. For example, on or about December 27, 2013, Defendants submitted fake electronic greeting cards, duplicated or manipulated photographs, poems, and posted various fake images on Tumblr.com.

17. In fact, Defendants intentionally hide their true identities in order to avoid being recognized by Plaintiff or any other person who may have a claim against them.

18. Defendants, and each of them, use and continue to use anonymous usernames, aliases, or pseudonyms, including, but not limited to, Garter, Gar Ter, GarTer, and galvygalvy.

19. On information and belief, Defendants have created a different adult website, under http://galvygalvy.tumblr.com, which has numerous fake, duplicated, and/or manipulated photographs or images from third parties. The aforementioned adult website is dedicated to alarming, annoying, or harassing individuals by using special software to create fake, duplicated, or manipulated photographs of others.

20. Based on the foregoing, an actual controversy has arisen, and now exists, between Plaintiff and Defendants concerning their respective rights and duties. As such, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties pursuant to applicable laws.

## FIRST CAUSE OF ACTION
**Violation of Computer Fraud and Abuse Act Under 18 U.S.C. § 1030**
**(Against All Defendants)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. 18 U.S.C. § 1030(a)(2) states, *inter alia*, that it is unlawful to intentionally access a computer without authorization and obtain information from any protected computer.

23. 18 U.S.C. § 1030(a)(6) states, *inter alia*, that it is unlawful to knowingly and with intent to

defraud traffic a password or similar information through which a computer may be accessed without authorization, if such trafficking affects interstate or foreign commerce.

24. 18 U.S.C. § 1030(a)(5)(A) establishes a civil cause of action for victims of computer fraud and abuse where an individual "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer."

25. Defendants accessed Plaintiff's servers without authorization. Plaintiff's servers each constitute a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

26. The "computers" identified above were used in interstate commerce or communication and were, accordingly, "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

27. Defendants knowingly caused "the transmission of a program, information, code, or command targeted" at protected computers, within the meaning of 18 U.S.C. § 1030(a)(5)(A).

28. As a result of such conduct, Defendants intentionally caused damage without authorization, to these protected computers.

29. 18 U.S.C. § 1030(a)(5)(C) establishes a civil cause of action for victims of computer fraud and abuse where an individual "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss."

30. Defendants intentionally accessed protected computers without authorization, and as a result of such conduct, have caused damage.

31. As set forth previously herein, Plaintiff has been damaged in a variety of ways, and has suffered extensive losses, due to the misconducts by Defendants.

32. Moreover, Plaintiff will suffer irreparable harm if Defendants are not permanently enjoined from any further attempts to recover or exert control over Plaintiff's servers.

33. Defendants' conduct is in violation of, *inter alia*, 18 U.S.C. § 1030(a)(5)(A) and (C). Pursuant to 18 U.S.C. § 1030(g), "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."

## SECOND CAUSE OF ACTION
### Copyright Infringement Under 17 U.S.C. § 101 et seq.
### (Against All Defendants)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. As stated hereinabove, between April 19, 2009 and March 16, 2010, the Works were duly and legally issued by the U.S. Copyright Office. The exclusive copyrights in the Works have been assigned to Plaintiff, who is the owner of the copyright, with the right to sue for copyright infringement thereon and recover for infringement thereof.

36. Upon information and belief, there are substantial similarities between the Works covered by Plaintiff and Defendants' duplicated or manipulated work.

37. Plaintiff's Works are photographs or images that he has either taken or obtained from third parties with their consent and authorization.

38. Defendants' infringing work is a duplication of Plaintiff's Works, which is altered by using special software. Defendants' software incorporates substantially similar elements to Plaintiff's Works and produces substantially similar photographs or images.

39. Upon information and belief, Defendants, with the actual knowledge that the Works were protected by copyright laws, are willfully and deliberately infringing the Works, or contributing to or inducing said infringement in the United States, and within this District, without the authority of Plaintiff, and in violation of 17 U.S.C. § 101 et seq., and will continue to do so unless enjoined by this Court.

40. Plaintiff has suffered damage by reason of Defendants' infringement and will suffer

additional irreparable damage and impairment of the value of the copyrights, including, but not limited to, damages relating to Defendants' infringement of the protected Works including Plaintiff's lost profits in the sale of products, which embody these protected Works, unless Defendants are enjoined by this Court from continuing its infringement.

41. Upon information and belief, the acts of infringement by Defendants have been and are being committed with full knowledge of Plaintiff's legal rights and willful and wanton disregard thereof.

### THIRD CAUSE OF ACTION
### Civil Harassment in Violation of C.C.P. § 527.6 et seq.
### (Against All Defendants)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Defendants violated California Code of Civil Procedure § 527.6 et seq., when they knowingly and willfully engaged in a course of conduct, which involved intimidations and threats directly towards Plaintiff and his immediate family.

44. Defendants' conduct has seriously alarmed, annoyed, and harassed Plaintiff and served no legitimate purpose.

45. As a direct result of Defendants' conduct, Plaintiff and his immediate family have suffered substantial emotional distress.

46. Defendants' harassment alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Honorable Court (or in the alternative, statutory temporary restraining order and three-year injunction under C.C.P. § 527.6) will continue to cause great and irreparable injury towards Plaintiff and his immediate family.

47. Plaintiff has no adequate remedy at law for injuries that he is currently suffering, and are threatened to be suffered from Defendants' harassment and illegal conduct. As a result, Plaintiff seeks injunctive relief pursuant to Code of Civil Procedure § 527.6 et seq.

## FOURTH CAUSE OF ACTION
### Invasion of Privacy
### (Against All Defendants)

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff and his immediate family had a reasonable expectation of privacy in their home and business.

50. Defendants intentionally intruded into Plaintiff's and his immediate family's home and/or business by and through the circumstances stated hereinabove.

51. Under the circumstances, Defendants' intrusion was highly offensive to a reasonable person.

52. In addition, Plaintiff and his immediate family members were harmed and Defendants' conduct was a substantial factor in causing Plaintiff's and his immediate family harm.

## FIFTH CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties.

55. As such, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties under applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For monetary damages in excess of $75,000 or according to proof;
2. For punitive and exemplary damages;
3. For temporary and permanent injunctive relief;
4. For interest at the legal rate according to proof;
5. For attorney's fees and costs of suit incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

Dated: January 15, 2014

**LAW OFFICES OF SALAR ATRIZADEH**

By: _/s/ Salar Atrizadeh_
SALAR ATRIZADEH, ESQ.
Attorneys for Plaintiff
KEITH BIGGS

## VERIFICATION

I, KEITH BIGGS, the undersigned, certify and declare that, I am a party to this action. I have read the foregoing Complaint and know and understand its contents thereof. The matters stated herein, are true of my own knowledge and belief, except as to those matters alleged and/or stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and accurate.

Executed on January 15, 2014 in Bartlett, Tennessee.

_____
KEITH BIGGS