UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH BIGGS, | ) | CASE NO.   CV 14-00378-R |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | EX PARTE MOTION FOR LEAVE TO |
| v. | ) | TAKE EXPEDITED DISCOVERY |
| | ) | |
| DOES 1–25, inclusive, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   Plaintiff Keith Biggs ("Biggs"), on January 16, 2014, filed a complaint ("Complaint") naming 25 Doe defendants. On February 14, 2014, filed an ex parte motion for leave to take expedited discovery to discover the identity of the Doe defendants.

   "Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). "For leave to conduct discovery to identify a Doe defendant, the moving party must: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its

1  action could survive a motion to dismiss; and (4) file a request for discovery with the Court
2  identifying the persons or entities on whom discovery process might be served and for which there
3  is a reasonable likelihood that the discovery process will lead to identifying information." *Io Grp.,*
4  *Inc. v. Does 1–65*, 2010 WL 4055667 (N.D. Cal. Oct. 15, 2010) (citing *Columbia Ins. Co. v.*
5  *seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

6  On a motion to dismiss, the trial court takes all well-pleaded facts in the Complaint to be
7  true and determines whether, based upon those facts, the Complaint states a claim upon which
8  relief may be granted. Fed. R. Civ. P. 12(b)(6). *See Alperin v. Vatican Bank*, 410 F.3d 532, 541
9  (9th Cir. 2005). To state a claim, the Complaint must contain factual assertions that make the
10 claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009);
11 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken as
12 true, the court does not accept legal conclusions as true. *Id.*

13 Biggs has not provided any factual basis to support his federal claims, only legal
14 conclusions such as: "Defendants . . . are willfully and deliberately infringing the [Plaintiff's]
15 Works . . . ." After ignoring the legal conclusions in the Complaint, there is no basis for the federal
16 causes of action, and therefore the Complaint cannot survive a motion to dismiss. Moreover, Biggs
17 has failed to provide a copy of the subpoena he wishes Charter Communications to respond to.
18 Biggs's has failed to demonstrate that the discovery he requests identifies the Doe defendants with
19 sufficient specificity and has failed to show that his request is narrow enough to only locate and
20 identify the Doe defendants.

21 IT IS HEREBY ORDERED that plaintiff Biggs's ex parte motion for leave to take
22 expedited discovery is DENIED.

23 Dated:  February 20, 2014.

25 _____
   MANUEL L. REAL
26 UNITED STATES DISTRICT JUDGE