Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
Keith Scully, pro hac vice to be filed
*keith@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA  90401
Telephone:  (310) 359-8200
Facsimile:    (310) 359-8190

Attorneys for Defendant
John Doe

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| KEITH BIGGS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DOES 1-25, inclusive,<br><br>　　　　　Defendants. | No.: 14-cv-00378-R-MAN<br><br>**DEFENDANT JOHN DOE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**<br><br>Date: April 7, 2014<br>Time: 10:00 a.m.<br>Honorable Manuel L. Real<br>Courtroom: 8, Second Floor |

## I.   INTRODUCTION

Plaintiff Keith Biggs is a home pornographer who took semi-nude photographs of his wife and posted them on a website that he hopes Internet viewers will pay to look at, styling his endeavors as art. Biggs is upset because Doe made fun of him: Doe took a few of Biggs's photographs and photoshopped in other people, making it clear through parody that what Biggs does is pornography, not art.

Biggs brings weighty claims, including copyright infringement and computer fraud.[1] But before he demands that Google release Doe's identity, Biggs must prove to the court—with admissible evidence—that each element of his weighty claims has been met, and that Biggs's need to breach Doe's First Amendment rights outweighs Doe's right to speak anonymously.

Biggs cannot do so because the photographs he complains of are fair-use parody, and because he cannot meet essential elements of his other claims. Moreover, Biggs failed to notify Doe of the subpoena. Under any of these grounds, the subpoena should be quashed.

## II.   AUTHORITY

**A.   Biggs's request for unrelated affirmative relief must be stricken.**

Biggs surprisingly asks this Court to grant relief not only on the subpoena Doe has moved to quash, but also on other, unrelated subpoenas. But it is axiomatic that a request for relief must be in a properly-noted motion, not a response. Fed.R.Civ.P. 7(b)(1)("A request for a court order must be made by motion.") Biggs's failure to note his requests as separate motions—and to comply with the meet-and-confer requirements established by local rule before bringing a motion—

---

[1] Although Biggs's complaint also alleges invasion of privacy and harassment, Biggs presents no evidence that Doe was involved in either of these claims. Accordingly, Biggs must rely on his copyright infringement and computer fraud claims to uncover Doe's identity.

mean his requests should be stricken.

In the alternative, the Court should quash all of Biggs's subpoenas. Doe was never notified of any of them, and each suffers from the same fatal flaws as the subpoena Doe moves to quash.

**B.     Biggs's failure to notify Doe of the subpoena means it must be quashed.**

Biggs must make reasonable efforts to notify Doe of the subpoena or it must be quashed. *SaleHoo Group, Ltd. v. ABC* Co., 722 F. Supp. 2d 1210, 1215 (W.D. Wash. 2010); *Doe v. Individuals*, 561 F. Supp. 2d 249, 254 (D. Conn. 2008)(Posting notice of a subpoena seeking information regarding anonymous users of an Internet bulletin board on the bulletin board itself is sufficient notice). Biggs makes no attempt to justify his failure to even *attempt* to notify Doe. Biggs had Doe's email address, and could easily have notified Doe. The subpoena accordingly must be quashed.

**C.     Biggs failed to produce evidence sufficient to breach Doe's free speech rights.**

In order to breach Doe's First Amendment right to anonymous online speech, Biggs must prove—with admissible evidence—that each element of Biggs's causes of action have been met, and prove that Doe's identity is relevant to the case. *SaleHoo*, 722 F. Supp. 2d at 1216 (W.D. Wash. 2010). In meeting these elements, Biggs must submit evidence sufficient to overcome a motion for summary judgment. *See Anonymous Online Speakers v. United States Dist. Court (In re Anonymous Online Speakers)*, 661 F.3d 1168, 1175-76 (9th Cir. 2011) (noting different standards and evaluating summary judgment standard); *Highfields Capital Mgmt. L.P. v. Doe,* 385 F. Supp. 2d 969, 970-71 (N.D. Cal. 2005). Biggs cannot do so for any of his causes of action.

Rather than address these standards, Biggs relies on inapposite authority directed towards the civil discovery rules. But where Doe's first amendment right to speak anonymously will be breached—as it will here—Biggs must meet the

standards set forth by the 9th Circuit in *In re Anonymous Online Speakers*, 661 F.3d 1168. Biggs cites *Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG v. Doe*, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) in opposition. But *Achte/Neunte* is a D.C. District Court decision that predates *In Re Anonymous Online Speakers*. To the extent it ever had persuasive authority here, it does not now.

**D.    Biggs cannot meet the elements of any of his causes of action because he relies on inadmissible hearsay.**

Biggs relies almost exclusively on inadmissible hearsay. He attached to his own declaration a series of documents that he claims came from third parties—letters from Internet blog-hosting service tumblr, Charter Communications, and Google, and asks the Court to draw conclusions from those documents. (Dkt. No.13-2.) Letters from third parties are quintessential hearsay. Fed.R.Evid. 802.

Biggs has made no attempt to excuse his reliance on hearsay, and no hearsay exception applies. For example, the documents may be business records of tumblr or one of the other third parties. But even if these documents were business records, Biggs does not work for any of those third parties, and could not authenticate them. Further, many of the documents were compiled for the purposes of responding to a litigation request, and are not business records.

Hearsay is inadmissible for a reason. Biggs claims the documents present "irrefutable" proof that Doe was involved. But Doe cannot determine how the information was collected or stored or evaluate where errors were made or even what the information means when the only information presented is a sheet of paper with numbers on it and Biggs's conclusion that the proof is irrefutable.

**E.    Biggs cannot prove copyright infringement because the Parodies are fair use.**

Biggs claims that Doe infringed Biggs's copyrights by creating composite images incorporating portions of four of Biggs's photographs. (*see* Dkt. No. 13-1 at Exh. D (hereafter, these photographs are referred to collectively as the

3
DOE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH

3
DOE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH

"Parodies").) But even if Biggs had proven that Doe created the Parodies, it is not infringement to make fair use of a copyrighted work. *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001).

Parody can be a fair use. *Fisher v. Dees*, 794 F.2d 432, 435 (9th Cir. 1986). A parody employs elements of a prior work to create a new work that, at least in part, comments on the original. *Campbell v. Acuff-Rose Music*, 510 U.S. 569, 580 (1994). The commentary is generally humorous, or at least "pokes fun" at the original work. *Id.* Parody is an important form of social and literary criticism that has "significant value as free speech under the First Amendment." *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1400 (9th Cir.1997).

The Parodies are parody. In the Parodies, a shirtless man wearing a dog collar has been photoshopped into some of Biggs's "art", and a penis has been photoshopped into other Biggs photographs. These imitations of Biggs's serious work parody Biggs's claim that he makes art: the provocative poses and revealing clothing his wife has posed in are pornography, and the addition of other elements in the Parodies makes that clear. While the Parodies upset Biggs, they are not copyright infringement.

In order to determine whether the Parodies are fair use, the Court evaluates:

> (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the "amount and substantiality of the portion used" in relation to the work as a whole; and (4) the effect of the use upon the potential market for the work or the value of the work.

*A&M*, 239 F.3d at 1014.

These four factors are intended to be a guide rather than a rigid test. *Dr. Seuss*, 109 F.3d at 1399. Under the first factor, the "purpose and character of the use," the Court considers the extent to which the new work is "transformative." *Mattel*, 353 F.3d at 800. The new work is "transformative" if it adds "something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Northland Family Planning Clinic, Inc. v. Ctr. for*

*Bio-Ethical Reform*, 868 F. Supp. 2d 962, 970 (C.D. Cal. 2012). Parody is inherently transformative, because it creates a new message. For example, the use of a well-known photograph of actress Demi Moore posing naked and pregnant was found to be fair use in an advertisement for a movie called "Naked Gun 33 1/3: The Final Cut," where the alleged infringer "replaced Ms. Moore's head with the 'smirking' face of Leslie Nielsen." *Leibovitz v. Paramount Pictures Corp.*, 137 F.3d 109, 114 (2d Cir. 1998). The second work was a fair-use parody "because a viewer could reasonably perceive it as a comment on the 'undue self-importance' conveyed by the subject of the first work." *Id.*

In Biggs's work, the message Biggs attempts to convey is that his wife is sexy. In the Parodies, the message is that Biggs creates pornography, not art—and probably takes himself a bit too seriously while doing it.

The other three factors also favor a finding that Biggs complains of fair uses, not infringement. The second and third factors (the nature of the work and the amount used) are relaxed when a parody is involved because parody "necessarily requires the parodist to mimic the original to make its point." *Northland Family Planning Clinic, Inc. v. Ctr. for Bio-Ethical Reform*, 868 F. Supp. 2d 962, 972 (C.D. Cal. 2012); *see also Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1402 (9th Cir. 1997)(second factor least important). And the fourth factor, the effect of the Parodies on the market for Biggs's work, also favors a fair use finding. The Parodies do not compete with Biggs's website; instead, they draw attention to it. Pornography consumers who see the Parodies are more, not less, likely to be willing to pay money for further views of Biggs's unclothed wife.

**F.   Biggs cannot meet the elements of computer fraud by claiming that someone took his photographs without permission.**

Biggs claims that Doe violated 18 U.S.C. § 1030, the Computer Fraud and Abuse Act. In order to prove a violation of this statute, Biggs must present sufficient admissible evidence that Doe (1) accessed a "protected computer," (2)

without authorization, and (3) intentionally either by fraud obtained more than $5,000 in value over a one-year period or caused damage.[2] 18 U.S.C. § 1030; *see also Multiven, Inc. v. Cisco Sys.*, 725 F. Supp. 2d 887, 891 (N.D. Cal. 2010). In support of these grand claims, Biggs alleges only that someone used the username "Buttman" to access Biggs's computer "without authorization." (Dkt. No. 13-2 at ¶¶ 18-22.) But Biggs's computer system is a website that allows pornography consumers to pay money to use a username and password to view Biggs's naked pictures of his wife. *Id.* Biggs fails to provide any evidence that this "Buttman" wasn't a member, or how his access was "unauthorized". Biggs may simply mean that Biggs is unhappy that someone used the images on his computer for "unauthorized" parodies, that "Buttman" loaned his password to someone else, or that "Buttman"'s account expired. None of these possibilities are computer fraud, because Biggs fails to allege either $5000 in loss, or that his computers suffered any damage. At best, Biggs's "computer fraud" claims allege only state-law conversion—which Biggs has not pled.

**G.     Even if Biggs had produced evidence linking Doe to the wrongs alleged in the complaint, the harm to Doe of disclosure far outweighs the benefits to Biggs.**

Even if Biggs could prove that he had a legal basis to demand Doe's identity – which he cannot - this Court must still assess and compare the magnitude of the harm that would be caused to Doe in relation to the benefit to Biggs before allowing Google to release Doe's personal information. *SaleHoo*, 722 F. Supp. 2d at 1217; *USA Technologies, Inc. v. Doe,* 713 F. Supp. 2d at 907.

The harm to Doe is significant. Doe chose an anonymous email address and tumblr account because he did not want his family, neighbors, co-workers and others to know that he viewed, commented on, and parodied pornography. (Dkt.

---

[2] The Computer Fraud and Abuse Act also provides penalties for a range of other activities—such as accessing a government computer without authorization or trafficking in passwords—that do not apply here.

No. 12-2, Doe Decl. at ¶ 18.) He has suffered significant health effects from just the possibility that his identity might be revealed. (Doe Decl. at ¶ 19.) Releasing his identity will cause personal, economic, and medical harm. (Doe Decl. at ¶ 20.)

In contrast, the benefit to Biggs is miniscule. Biggs is a home pornographer who is upset that someone made fun of his pornography on the Internet. He cannot prevail on his copyright infringement claim because Doe's comments are fair-use, or on his other grandiose claims because he cannot meet the elements of those claims.

### III.   CONCLUSION

Biggs put his "art" before the public. Doe made fun of him. But these are not grounds for a lawsuit, and they are not a basis to use the federal court's power to breach Doe's right to make fun of a pornographer anonymously. The subpoena should be quashed.

Dated: March 24, 2014.

**NEWMAN DU WORS LLP**

_____
Derek Newman (State Bar No. 190467)
Keith Scully (pro hac vice to be filed)
Attorneys for Movant John Doe