1  **Salar Atrizadeh, Esq. (SBN: 255659)**
   LAW OFFICES OF SALAR ATRIZADEH
2  9701 Wilshire Blvd., 10th Floor
   Beverly Hills, CA 90212
3  Telephone: 310-694-3034
   Facsimile: 310-694-3057
4  Email:     salar@atrizadeh.com

5  Attorneys for Plaintiff
   KEITH BIGGS

6

7

8                    **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11  KEITH BIGGS, an individual,              Case No.: 2:14–cv–00378-R (MANx)

12          Plaintiff,

13  vs.                                      **PLAINTIFF KEITH BIGGS' NOTICE
                                             OF MOTION AND MOTION FOR
14                                           RECONSIDERATION;
                                             MEMORANDUM OF POINTS AND
15  DOES 1-25, inclusive,                    AUTHORITIES;  DECLARATION OF
                                             ERIC ROBI IN SUPPORT THEREOF**
16          Defendants.

17

18
                                             Hearing Date:   June 16, 2014
19                                           Time:           10:00 a.m.
                                             Place:          312 N. Spring Street
20                                                           Los Angeles, CA 90012
                                             Courtroom:      8 - 2nd Floor
21

22

23

24

25

26

27

28

---

1

**PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

**TO THE UNITED STATES DISTRICT COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, IF ANY:**

    **PLEASE TAKE NOTICE THAT** on June 16, 2014, at 10:00 a.m., in Courtroom 8 of the United States District Court for the Central District of California, Plaintiff will bring on for hearing a Motion for Reconsideration ("Motion") of this Court's order granting, in part, Defendant John Doe's motion to quash subpoena and judgment thereon.

    This Motion is based on and includes this Notice of Motion, Memorandum of Points and Authorities, Declaration of Eric Robi, attached exhibits, all of the filings of all parties in connection with Defendant John Doe's motion to quash subpoena, all of the other pleadings and materials on file in this matter, and such further argument and evidence as may be presented at the hearing.

    This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 15, 2014.

Dated: May 19, 2014                **LAW OFFICES OF SALAR ATRIZADEH**

                                      By:   /s/ Salar Atrizadeh
                                           SALAR ATRIZADEH, ESQ.
                                           Attorneys for Plaintiff
                                           KEITH BIGGS

PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In recognizing that such requests are generally disfavored, Plaintiff Keith Biggs ("Plaintiff") returns to this Honorable Court to humbly seek reconsideration of its decision granting, in part, Defendant John Doe's motion to quash subpoena ("Motion to Quash").[1]

## II.   PROCEDURAL AND FACTUAL BACKGROUND

As the record indicates, on or about April 21, 2014, this Court issued an order ("Order") granting, in part, Defendant John Doe's Motion to Quash.[2]  The Order specified that: "The subpoena issued to Google dated February 7, 2014 in this matter is quashed except as to items 7 and 8 on Exhibit A to the subpoena."   Items 7 and 8 include the following links:

- www.blogger.com/profile/13746290171246332448
- www.EliseErotic'sHardstuff.com

On May 2, 2014, Google produced its response to the subpoena and provided information that directly links to the <galvygalvy@gmail.com> email address.  Attached hereto as Exhibit "1" and incorporated by reference herein is a true and correct copy of Google's production letter.

Plaintiff's Response to Defendant John Doe's Motion to Quash stated that Tumblr provided two separate IP addresses (24.179.112.228 and 68.118.245.34) that correlated to Defendant John Doe in this matter.[3]   Attached hereto as Exhibit "2" and incorporated by reference herein is a true and correct copy of Tumblr's production letter.   As indicated therein, the <galvygalvy@gmail.com> email address is directly related to the aforesaid IP addresses.

---

[1] See Docket No. 12.
[2] See Docket No. 17.
[3] See Docket No. 13-1; Exhibit "A" pg. 5.

PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

1   Furthermore, it indicated that the blog <http://galvygalvy.tumblr.com> was directly related to

2   Defendant John Doe's email address (i.e., galvygalvy@gmail.com).

3     In fact, Defendant John Doe admitted in the declaration in support of the Motion to

4   Quash ("Doe Decl.") that he has either created or posted on a variety of "tumblr" and other

5   blog accounts.[4]   Therein, Defendant John Doe stated that "I have no information or ownership

6   interest in the blogs listed as items 7 and 8." [5]   Furthermore, Defendant John Doe admitted that

7   he has "owned, created, or posted content on the remaining blogs or through [his]

8   <galvygalvy@gmail.com> Internet address." [6]   However, these statements are untrue and

9   constitute perjury since Google's production letter lists the same email address that belongs to

10  Defendant John Doe.  See Section IV, subsection (c), infra; see also Exhibit "1."

11
## III.   LEGAL STANDARD

  Federal Rule of Civil Procedure 60(b) provides in relevant part that:  On motion and

just terms, the court may relieve a party or its legal representative from a final judgment, order,

or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> … or
>
> (6) any other reason that justifies relief.

Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. See L.R. 7-18.

---

[4] Doe Decl., at ¶ 2; see also Docket No. 12-2.
[5] Doe Decl., at ¶ 7; see also Docket No. 12-2.
[6] Doe Decl., at ¶ 8; see also Docket No. 12-2.

PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

1        In addition, reconsideration under Federal Rule of Civil Procedure 59(e) is proper when

2    the court: (1) is presented with newly discovered evidence, (2) committed clear error or the

3    initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

4    law.  See *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.

5    Hawaii 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988); *Sch. Dist. No. 1J v.

6    ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. Or. 1993).  There may be other, highly unusual,

7    circumstances warranting reconsideration.  *Id.* at 1263.  A motion to alter or amend a judgment

8    must be filed no later than 28 days after the entry of the judgment.  See *F.R.C.P. 59(e)*.  In this

9    instance, the Order was entered on April 21, 2014, which is within the applicable timeframe.

10

11       Rule 60(b) also provides that a court may grant reconsideration on the grounds of, *inter*

12   *alia*, "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1).  The "mistake"

13   component of Rule 60(b)(1) allows a court to correct its own error of law sua sponte.  *See*

14   *Kingsvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

15       As set forth in detail below, the Order granting the Motion to Quash resulted in a

16   clearly erroneous and manifestly unjust decision. The Order improperly stripped Plaintiff of his

17   rights in direct contravention of federal laws, including, but not limited to, the Computer Fraud

18   and Abuse Act (under 18 U.S.C. § 1030), and improperly granted judgment on an incomplete

19   record.  For these reasons, reconsideration is appropriate.

20   **IV.    ARGUMENT**

21       A successful motion for reconsideration must accomplish two goals.  First, it must

22   demonstrate some reason why the court should reconsider its decision. Second, a motion for

23   reconsideration must set forth facts or law of a strongly convincing nature to induce the court to

24   reverse its prior decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

25   There are three grounds which justify reconsideration: (1) an intervening change in controlling

1  law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent

2  manifest injustice. See *Id.* (citing *Mustafa v. Clark Cty. School Dist.*, 157 F.3d 1169, 1178-79

3  (9th Cir. 1998)).  In this case, there is new evidence (e.g., Exhibits 1-5) and the need to correct

4  clear error or prevent manifest injustice.

5

6      a.    **<u>Plaintiff Yields Newly Discovered Evidence That With Reasonable Diligence Could Not Have Been Discovered In Time</u>**

7          In this instance, there are facts of a strongly convincing nature to induce this Honorable

8  Court to reverse its prior decision.   At this time, Plaintiff yields newly discovered evidence

9  that with reasonable diligence could not have been discovered in time.   For example, Plaintiff

10  hired an expert (i.e., Eric Robi, MA, CCE) in order to assess the case.  Mr. Robi reviewed

11  previous and subsequent records (e.g., Server Logs and Google's production letter that was

12  obtained on or about May 2, 2014).   Mr. Robi's assessment supports the contention that the

13  Server Logs were obtained independently during the course of business and point to the same

14  person (i.e., Defendant John Doe).  In addition, Mr. Robi indicates in his declaration ("Robi

15  Decl.") that:

16
17

18      i.    The same user who posted on Tumblr also accessed Eliseerotic.com without authorization many times on the following four days:  07/18/2013, 08/13/2013, 09/05/2013, and 11/24/2013.[7]

19      ii.    The person using the 24.179.11.228 IP address to access Tumblr had also accessed Eliseerotic.com on 09/21/2013 and 10/05/2013 utilizing a stolen or otherwise improperly obtained password.[8]

20
21      iii.    The same person improperly accessed the Eliseerotic.com website using a purloined password, and posted photographs and/or comments to Tumblr and Blogger.com.[9]

22      iv.    Tumblr and Eliseerotic.com were both accessed using the same 24.179.112.228 IP address.  Moreover, Tumblr and Blogger.com were accessed using the same <galvygalvy@gmail.com> email address.[10]

23
24      v.    The person using the <galvygalvy@gmail.com> email address and 24.179.112.228 IP address is beyond a shadow of a doubt the same person.[11]

25

26  [7] <u>Robi Decl.</u>, at ¶ 12.
27  [8] <u>Robi Decl.</u>, at ¶ 15.
   [9] <u>Robi Decl.</u>, at ¶ 20.
28  [10] <u>Robi Decl.</u>, at ¶ 21; see also Exhibit "5"
   [11] <u>Robi Decl.</u>, at ¶ 22.

**PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

vi.  The likelihood that the abovementioned IP address and the email account are unrelated is infinitely small. [12]

Based on the foregoing, the Order granting the Motion to Quash resulted in a clearly erroneous and manifestly unjust decision.  As such, Plaintiff respectfully requests that the Court reconsider its decision and demand that Defendant John Doe reveal his/her true identity and location.

**b.    Tumblr's Production Letter Is Not Hearsay and Constitutes A Record Kept In the Regular Course of Business**

Tumblr's production letter (i.e., Exhibit "2") is not hearsay and constitutes a record kept in the regular course of business.  See *F.R.E. 803(6)*; see also *Cal. Evidence Code §§ 1270-1272*.  In his reply memorandum, Defendant John Doe argued that Plaintiff cannot meet the elements of any of his causes of action because he relies on inadmissible hearsay. [13] Nonetheless, the aforementioned record was made from information transmitted by Tumblr's Legal Department.  The record was kept in the course of a regularly conducted activity of its business and making the record was a regular practice of that activity. See *Cal. Evidence Code § 1271*.  Even though Defendant John Doe would like to contend otherwise, however, Tumblr did not contrive the information that is delineated in the production letter.  Stated otherwise, Tumblr did not make up the blogs, account creation times, IP logs, or email addresses.  Its records indicate IP logs ranging from December 6, 2012 until December 30, 2013.  It is emphatically important to realize that this information existed prior to this lawsuit, Plaintiff's submission of the subpoenas, and Tumblr's response thereto.

Moreover, on May 7, 2014, Plaintiff obtained testimony of the custodian or another qualified witness pursuant to Rule 902(11) of the Federal Rules of Evidence.  Therefore, the

---

[12] Robi Decl., at ¶ 23.
[13] Docket No.: 14; subpart D; pg. 4 of 8.

**PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

source of information and the method of preparation <u>do not</u> indicate a lack of trustworthiness. See *F.R.E. 803(6)(E)*. This contention is true because there are corroborating circumstances indicating an email address that is also reflected in Tumblr's production letter (i.e., galvygalvy@gmail.com). See Exhibits 1-2 listing the aforementioned email address; *see also* Rule 403 of the Federal Rules of Evidence, which permits a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  *United States v. Busby*, 2013 U.S. Dist. LEXIS 92477 (N.D. Cal. June 28, 2013); *Batiz v. Am. Commer. Sec. Servs.*, 776 F.Supp.2d 1087, 1092 (C.D. Cal. 2011); see also *Aqua Connect, Inc. v. Code Rebel, LLC*, 2013 U.S. Dist. LEXIS 124720 (C.D. Cal. Aug. 28, 2013).

**However, we are not facing a mere coincidence.**  In this instance, both Tumblr and Google produced information that leads to the same person's email address, who ultimately accessed Plaintiff's servers without authorization.[14]   In this case, the probative value is not substantially outweighed by a danger of unfair prejudice.  As Mr. Robi has stated, the evidence leads to the same person.[15]

c. <u>**Defendant John Doe Has Committed Perjury By Lying Under Oath In Violation of 18 U.S.C. § 1621 And 18 U.S.C. § 1623**</u>

In this case, there is another valid reason why this Court should reconsider its decision. It is a well-settled principle that it shall be unlawful to commit perjury. *United States v. Manfredonia*, 414 F.2d 760 (2d Cir. N.Y. 1969).  Defendant John Doe committed perjury because he willfully and contrary to his oath stated or subscribed a material matter which he did not believe to be true.  Therefore, he must be either sanctioned and/or imprisoned pursuant to the applicable statute. *United States v. Lazaros*, 480 F.2d 174 (6th Cir. Mich. 1973).

[14] <u>Robi Decl.</u>, at ¶ 12.
[15] <u>Robi Decl.</u>, at ¶¶ 19-22.

**PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

In fact, 18 U.S.C. § 1621 states in relevant part that:

> Whoever having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true ... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

In addition, 18 U.S.C. § 1623 states in relevant part that: "[w]hoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ..., knowing the same to contain any false material declaration, shall be fined ... or imprisoned not more than five years, or both. *United States v. McAfee*, 8 F.3d 1010, 1014 (5th Cir. Tex. 1993).

As mentioned hereinabove, Defendant John Doe stated that "[he has] no information or ownership interest in the blogs listed as items 7 and 8." [16] He declared under oath that he is the owner of <galvygalvy@gmail.com> and has owned, created, or posted content on various blogs using the aforesaid email address. [17] However, there is direct evidence proving the contrary. [18] It is imperative to realize Defendant John Doe committed a federal crime by lying under oath. Therefore, the Court must determine why Defendant John Doe is hiding from the truth. If Defendant John Doe has done nothing wrong, then he should come forward and vindicate himself.

In general, corroborating evidence is sufficient if it is of independent probative value, circumstantial or direct, which is of such quality as to assure that guilty verdict is solidly

---

[16] Doe Decl., at ¶ 7; see also Docket No. 12-2.
[17] Doe Decl., at ¶¶ 2, 8; see also Docket No. 12-2.
[18] See Exhibit "1" proving beyond a reasonable doubt "blogger.com/profile/13746290171246332448" is the owner of galvygalvy@gmail.com email address.

**PLAINTIFF KEITH BIGGS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

founded. *United States v. Collins*, 272 F.2d 650 (2d Cir. N.Y. 1959), 88 ALR 2d 847, *cert. den.* (1960) 362 U.S. 911, 4 L. Ed. 2d 619, 80 S. Ct. 681, *reh. den.* (1960) 362 U.S. 957, 4 L. Ed. 2d 874, 80 S. Ct. 859.

In this instance, there is corroborating evidence from Google showing that Defendant John Doe had information and ownership interest in the links listed under items 7 and 8 (i.e., the <galvygalvy@gmail.com> address belongs to Defendant John Doe, which contradicts his previous statement). Hence, such evidence yields independent probative value, circumstantial or direct, and assures that a guilty verdict should be solidly found.

## V.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court reconsider its prior decision and order Defendant John Doe to disclose his/her true identity and location.

In addition, Plaintiff requests sanctions in the amount of Five Thousand Dollars ($5,000) against Defendant John Doe for committing perjury as stated hereinabove.

Dated: May 19, 2014                **LAW OFFICES OF SALAR ATRIZADEH**


                              By:    /s/  Salar Atrizadeh
                                     SALAR ATRIZADEH, ESQ.
                                     Attorneys for Plaintiff
                                     KEITH BIGGS