Derek A. Newman, State Bar No. 190467
*derek@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA  90401
Telephone:  (310) 359-8200
Facsimile:   (310) 359-8190

Attorneys for Defendant
John Doe

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KEITH BIGGS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-25, inclusive,<br><br>Defendants. | No.: **14-cv-00378-R-MAN**<br><br>**DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Date: June 16, 2014<br>Time: 10:00 a.m.<br>Honorable Manuel L. Real<br>Courtroom: 8, Second Floor |

John Doe respectfully requests that the Court deny Plaintiff Keith Biggs's motion for reconsideration of this Court's decision to grant Doe's Motion to Quash Subpoena (Dkt. No. 17).

## I. INTRODUCTION

The Court granted John Doe's motion to quash a subpoena Plaintiff Keith Biggs served on Google seeking documents associated with Doe's anonymous email account. The Court found that Biggs failed to provided notice to Doe, Biggs did not establish a prima facie case, and that the value of Doe's right to anonymous speech outweighed Biggs's need for discovery. The court allowed Biggs to conduct discovery on the portions of the subpoena not pertaining to Doe. Biggs now seeks reconsideration of the Court's order, claiming that "newly discovered evidence" justifies this generally disfavored procedure. Because Biggs fails to meet the high standard applied to motions for reconsideration, the Court should deny Biggs's motion.

## II. STATEMENT OF FACTS

**A. The Court granted Doe's Motion to Quash Subpoena, finding that Biggs failed to provide notice and produce prima facie evidence to overcome Doe's parody defense.**

On January 16, 2014, Biggs initiated his complaint against 25 Does, claiming that defendants unlawfully obtained photographs from the Eliseerotic.com website and "posted fake, duplicated, and/or manipulated photographs" on Tumblr.com. (Dkt. No. 1, ¶¶ 8-9, 15-16.) On February 27, 2014, John Doe brought a motion to quash a subpoena Biggs served on Google, which sought documents that would reveal Doe's true identity. (Dkt. No. 12-1; *see* Dkt. No. 12-2 at 8-9.) Doe acknowledged that he posted comments about pornography and parodied commercial pornography. (Dkt. No. 12-1 at 2:19-3:6.) But Doe argued that the First Amendment protects his anonymous speech, and that Biggs failed to meet his burden of production. (*See* Dkt. No. 12-1.) As part of his opposition, Biggs argued that evidence linked Doe with the allegedly infringing conduct through the email

address <galvygalvy@gmail.com>, the Tumblr account 'Galvygalvy', and the IP address 24.179.112.228 and 68.118.245.34. (Dkt. No. 13 at 6.) Biggs opposition cited to and relied on a letter from Tumblr dated January 28, 2014 responding to a subpoena Biggs had served on it. (Dkt. No. 13-1 at 1-5.)

During the hearing on April 7, 2014, this Court found that because Doe engaged in anonymous speech through his pseudonym email address and blog accounts, Biggs must satisfy two basic requirements:

1) that he notified Doe of the subpoena; and

2) that he alleged a facially valid cause of action, produced prima facie evidence to support all the elements, and made a prima facie showing that it is possible to overcome Doe's parody defense.

(Transcript from April 7, 2014[1] hearing ("Tr.") at 3:19-4:18.) But Biggs failed to satisfy these requirements. "Weighing both Biggs' failure to notify Doe and his inability to establish a prima facie case against Doe, the Court [found] that the value of anonymous speech outweighs Biggs' needs for relevant discovery." (*Id.* at 5:18-22.) Biggs's counsel did not appear at the hearing. (Dkt. No. 15.) On April 21 the Court entered an order quashing the subpoena to Google. (Dkt. No. 17.)

**B.   Biggs claims to have discovered new evidence—but this evidence was available to Biggs when he opposed the Motion to Quash, and moreover still fails to prove a prima facie case.**

On May 19, Biggs filed a motion for reconsideration. (Dkt. No. 18.) Biggs claims to have "newly discovered evidence that with reasonable diligence could not have been discovered in time", mainly expert testimony from Eric Robi linking Doe with the email address <galvygalvy@gmail.com>, the Tumblr account 'Galvygalvy', and the IP address 24.179.112.228. (Dkt. No. 18 and 8.) As part of his analysis, Robi relies on emails from 2013—created months prior to this lawsuit's inception. (Dkt. No. 18-2 at 15-19.) Robi also relies on the January 28, 2014 letter

---

[1] A courtesy copy of this transcript is filed with this opposition as Exhibit A.

from Tumblr, previously cited by Biggs. (*Compare* Dkt. No. 13-1 at 2 *with* Dkt. No. 18-2 at 7.)

Biggs further claims that Doe committed perjury, pointing to Doe's declaration statement filed in support of his motion to quash stating that: "I have no information or ownership interest in [www.blogger.com/profile/13746290171246332448]." (Dkt. No. 18 at 8-10; *see* Dkt. No. 12-1 at 2 at ¶ 7, and 9.) Biggs points to documents produced by Google indicating that the Blogger account associated with profile identification number "13746290171246332448" is connected to Doe's email address <galvygalvy@gmail.com>. (Dkt. No. 18 at 10; *see* Dkt. No. 18-2 at 5.) But the statement was true at the time it was made. At the time Doe signed his declaration, he did not know that he had a Blogger.com profile with the profile identification number "13746290171246332448". (Doe Decl. ¶ 2.) At that time he believed that he had no information or ownership interest in that blog. (*Id.*)

### III.   AUTHORITY

A motion for reconsideration is "an extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The party seeking reconsideration is barred from "repeat[ing] any oral or written argument made in support of or in opposition to the original motion." *Id.* This Court exercises its discretion when determining whether to grant a motion for reconsideration. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### A. Biggs either knew or could have discovered each "new" fact except for Doe's connection to one additional blog.

Biggs's motion to reconsider is premised on his claim that he discovered new evidence that reasonable diligence could not have uncovered before the Court ruled on the Motion to Quash. (Dkt. No. 18 at 6:8-10.) This "new" evidence is limited to expert witness Eric Robi's testimony (see Dkt. No. 18 at 6:5-7:7), which relies on 1) Robi's general knowledge of how to "trac[e] the identity of an unknown individual on the Internet", 2) the January 28, 2014 letter from Tumblr, 3) emails dated September 21, 2013 and October 5, 2013 that indicate that a user logged onto the Eliseerotic.com website from the IP address 24.179.112.228, and 4) Google's production linking Doe to an additional blog. (Dkt. No. 18-1 at ¶¶ 2-20.)

While Biggs claims that expert witness Robi's declaration is new evidence, it is same evidence previously available to Biggs, but packaged differently. Biggs already presented the January 28 Tumblr letter to the Court, and he had access to the emails dated September 21 and October 5, 2013 when he filed this suit. Had he retained Robi earlier, Robi could have opined on how to track the identity of Internet users and the information contained in the Tumblr letter and the 2013 emails. All of this "new" evidence was available and readily accessible to Biggs when Doe brought his motion to quash. Without more, Biggs cannot meet the requisite standard.

#### 1. None of the "new" evidence is material.

Biggs appears to claim that Google's production—linking Doe to an additional blog that Doe previously disclaimed knowledge of—presents new

evidence. But Local Rule 7-18 requires Biggs to establish "the emergence of new *material* facts." Local Rule 7-18(b)(emphasis added). According to Robi, Google's production suggests a connection between Doe and blog posts relating to photographs Biggs took. But Doe has never disputed that he posted comments about pornography and parodied commercial pornography. In fact, Doe admitted that most of the blogs Biggs complained of were his. And this connection is the very basis of Biggs's argument on opposition to the motion to quash. The addition of one more blog, containing the same type of parody as featured on the others, is neither here nor there. This is not new evidence, nor is it a prima facie showing sufficient to overcome Doe's fair-use defense. (See Tr. 5:17-18.) Since the "new" evidence does not contain facts material to the legal issues at the heart of the Court's decision, it does not provide a basis for granting this motion.

### B. Biggs's claim that Doe perjured himself does not constitute a basis for granting Biggs's Motion for Reconsideration.

Biggs accuses Doe of committing perjury in violation of 18 U.S.C. §§ 1621 and 1623. Evidencing a complete misunderstanding of civil litigation, Biggs "assures [the Court] that a guilty verdict should be solidly found," and demands that Doe be sanctioned or imprisoned. Without citing authority, Biggs also claims that Doe's alleged perjury is a basis for granting his motion for reconsideration.

But Doe's mistaken declaration is not perjury, and even if it was, a declaration omitting an immaterial fact (the addition of one more functionally identical blog) does not provide a basis to reconsider the court's finding that Doe's publication of Biggs's pornography with additional elements added is parody. 18 U.S.C. §§ 1621 and 1623 require a finding that the declarant made a statement about a material matter knowing it to be untrue. 18 U.S.C. § 1621 ("willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true"); *id.* at § 1623 ("knowingly makes any false material declaration"); e.g. *United States v. Kelly*, 540 F.2d 990, 994 (9th Cir. 1976). Biggs

claims that Doe committed perjury when he stated in declaration: "I have no information or ownership interest in [www.blogger.com/profile/13746290171246332448]." (Dkt. No. 12-1 at 2 at ¶ 7, and 9.) But at the time Doe signed his declaration, he did not know that his Blogger.com profile had the profile identification number "13746290171246332448". (Doe Decl. ¶¶ 2-3.) Biggs has not established that Doe committed perjury—or why this allegation is relevant to a motion for reconsideration.

### C. Biggs improperly attempts to use his motion for reconsideration as a surreply.

Biggs's motion includes a lengthy discussion of why the January 28 Tumblr letter is not hearsay. (Dkt. No. 18 at 7.) Biggs's argument is a surreply to the argument raised in Doe's reply in support of the motion to quash. (*See* Dkt. No. 14 at 4.) *See* Local Rule 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.") And, it is an irrelevant surreply – the Court did not rely on Doe's hearsay objection in finding that Biggs failed to produce sufficient facts to establish a prima facie case on any his claims.

### D. Biggs still fails to identify a prima facie case.

The Court found that "Biggs has failed to adequately plead the elements of computer fraud, only pleading that someone unauthorized accessed his Website" in addition to failing to meet the elements of copyright infringement or any of his other claims (Tr. 5:2-4.) Biggs's complaint is rife with conclusion but completely lacking in detail. And Biggs's filings with this court do nothing to remedy those defects. Biggs does not provide anything to rebut the fair use defense in order to proceed under a copyright infringement theory. He fails to allege $5,000 in loss from the alleged computer hacking, a necessary prerequisite to bringing suit under 18 U.S.C. § 1030. *see Multiven, Inc. v. Cisco Sys.*, 725 F. Supp. 2d 887, 891 (N.D.

Cal. 2010.) And he made no attempt to provide *any* evidence supporting his invasion of privacy and harassment claims, or to tie Doe to any harassment other than posting parodies of Biggs's pornographic photographs of Biggs's wife.

## IV. CONCLUSION

Biggs seeks to re-litigate the motion to quash subpoena, claiming that he has discovered new evidence. But Biggs cannot establish that highly unusual circumstances exist to justify reconsideration—he still cannot establish any of his claims, prove that he gave Doe notice of the subpoena, or overcome Doe's right to anonymous speech when balanced against Biggs's desire to pursue a frivolous lawsuit. Doe respectfully requests that the Court deny Biggs's motion for reconsideration.

Dated: May 23, 2014.

**NEWMAN DU WORS LLP**

_____
Derek Newman (State Bar No. 190467)
Attorneys for Movant John Doe

# EXHIBIT - A

```
 1                   UNITED STATES OF AMERICA
                    UNITED STATES DISTRICT COURT
 2                 CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
 3
                               - - -
 4                   HONORABLE MANUEL L. REAL
             UNITED STATES DISTRICT JUDGE PRESIDING
 5                             - - -

 6
    KEITH BIGGS,                      )
 7                                    )
              PLAINTIFF,              )    CERTIFIED COPY
 8                                    )
    VS.                               )    CV 14-37 R
 9                                    )
    DOES 1 -  25,                     )
10                                    )
              DEFENDANTS.             )
11   _____)

12

13

14
              REPORTER'S TRANSCRIPT OF PROCEEDINGS
15                  MONDAY, APRIL 7, 2014
                        A.M. SESSION
16               LOS ANGELES, CALIFORNIA

17

18

19

20
               SHERI S. KLEEGER, CSR 10340
21           FEDERAL OFFICIAL COURT REPORTER
             312 NORTH SPRING STREET, ROOM 402
22              LOS ANGELES, CALIFORNIA 90012
                     PH:  (213)894-6604
23

24

25
```

```
 1
 2   APPEARANCES OF COUNSEL:

 3   ON BEHALF OF PLAINTIFF:
            (NOT PRESENT)
 4

 5
     ON BEHALF OF DEFENDANT:
 6          DERRICK NEWMAN, ESQUIRE

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1         LOS ANGELES, CALIFORNIA; MONDAY, APRIL 7, 2014
 2                          A.M. SESSION
 3                             - - -
 4
 5
 6
 7
 8            THE CLERK:  Item No. 2:  CV-14-37 Keith
 9   Biggs versus Does 1 through 25.
10            Counsel.
11            MR. NEWMAN:  Good morning, your Honor.  My
12   name is Derrick Newman.  I represent the third-party
13   movant John Doe.
14            THE COURT:  Keith Biggs?
15            Any call?
16            THE CLERK:  No, Your Honor, no call.
17            THE COURT:  Doe defendant moves to quash the
18   subpoena of Keith Biggs.
19            Doe engages in anonymous speech through his
20   pseudonyms e-mail address GALV@gmail.com and related
21   blog accounts.
22            The Ninth Circuit has embraced balancing the
23   important value of anonymous speech against a party's
24   need for relevant discovery.
25            In Re Anonymous Online Speakers, 661 Fed 3rd
```

1  1168, Ninth Circuit, 2011.  A plaintiff seeking to use a
2  subpoena to discover the identity of a defendant in
3  connection with anonymous internet speech must satisfy
4  two basic requirements.
5           Subject to balancing by the Court, first the
6  plaintiff must undertake reasonable efforts to give the
7  defendant adequate notice of the attempts to discover
8  his or her identity and prove a reasonable opportunity
9  to respond.
10          Second, the plaintiff must allege a facially
11 valid cause of action and produce prima facie evidence
12 to support all of the elements of the cause of action.
13          SaleHoo Group Limited versus ABC Company,
14 722 Fed Supp 2nd 1210, Western District of Washington,
15 2010.
16          For a fair-use parody of defense, the
17 plaintiff must make a prima facie showing that it is
18 possible to overcome the defense.
19          When evaluating parody, the Court balances:
20 One, the purpose of copying; two, the nature of the
21 protected work; three, amount of copying; and four, the
22 effects on plaintiff's market.  Mattel Inc. versus
23 Walking Mountain Productions versus 353 of Fed 3rd, 792,
24 Ninth Circuit 2003.
25          Biggs failed to prove any notice to Doe

1  defendant despite having Doe defendant's e-mail address.
2  Biggs has failed to adequately plead the elements of
3  computer fraud, only pleading that someone unauthorized
4  accessed his Website.  Ashcroft versus Iqbal, 556 U.S.
5  662, 2009.
6          Doe claims that any alleged copyright
7  infringement is fair use as parodying Biggs' work.
8  Biggs' response is only a general averment that those
9  photoshopped images, quote, Does not constitute parody,
10 close quote.  But First Amendment protection does not
11 apply only to those who speak clearly, whose jokes are
12 funny and whose parodies succeed; nor does the
13 sexualized perspective of Does' photoshopped images
14 remove them from First Amendment protection.  Mattel
15 Inc. versus Walking Mountain Productions, 353 Fed 3rd.
16 792, Ninth Circuit 2003.
17         Biggs has not made a prima facie showing
18 that he could overcome Does' fair-use defense.  Weighing
19 both Biggs' failure to notify Doe and his inability to
20 establish a prima facie case against Doe, the Court
21 finds that the value of anonymous speech outweighs
22 Biggs' needs for relevant discovery.  Does' motion to
23 quash the subpoena is granted.
24         Counsel, prepare the order.
25         MR. NEWMAN:  Thank you, your Honor.

```
 1                    (PROCEEDINGS CONCLUDED.)
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3              CERTIFICATE OF REPORTER
 4
 5   COUNTY OF LOS ANGELES      )
 6                              )  SS.
 7   STATE OF CALIFORNIA         )
 8
 9   I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR
10   THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
11   DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT
12   TO SECTION 753, TITLE 28, UNITED STATES CODE, THE
13   FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE
14   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE
15   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE
16   FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE
17   JUDICIAL CONFERENCE OF THE UNITED STATES.
18
19
20   DATE:  MAY 21, 2014
21
22   /S/_____
23   SHERI S. KLEEGER, CSR
24   FEDERAL OFFICIAL COURT REPORTER
25
```