1

**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH

2

9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212

3

Telephone:  310-694-3034
Facsimile:  310-694-3057

4

Email:      salar@atrizadeh.com

5

Attorneys for Plaintiff
KEITH BIGGS

6

7

8

### UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11

KEITH BIGGS, an individual,

Case No.: 2:14-cv-00378-R (MANx)

12

        Plaintiff,

13

vs.

14

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

15

DOES 1-25, inclusive,

16

        Defendants.

17

18

Hearing Date:   June 16, 2014
Time:           10:00 a.m.

19

Place:          312 N. Spring Street

20

                Los Angeles, CA 90012
Courtroom:      8 - 2nd Floor

21

22

23

24

25

26

27

28

_____
1
**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff Keith Biggs respectfully submits his response to Defendant John Doe's opposition to the motion for reconsideration ("Opposition"). [1]  Unfortunately, it seems that Defendant John Doe is misleading this Honorable Court by providing inaccurate information. For example, Plaintiff did not have Defendant John Doe's email address until Plaintiff received Tumblr's production letter on or about January 28, 2014.  So, Plaintiff was unable to provide notice of the subpoena.  Furthermore, Plaintiff's Motion for Reconsideration was filed, *inter alia*, pursuant to F.R.C.P. 60(b), subsections 1, 2, and 6, which permit for such a request under these circumstances.

In this case, the record is replete of facts, allegations, and evidence that indicate Defendant John Doe is the same person who has accessed Plaintiff's servers without authority.[2] In his declaration, Mr. Robi's provides a roadmap of how he reached this conclusion.  Therein, he indicates that Plaintiff's servers were accessed 612 times by using the same 24.179.112.228 IP address that was submitted by Tumblr. [3]   The same IP address was linked to Defendant John Doe's email account (i.e., galvygalvy@gmail.com).[4]

Moreover, a review of the evidence (e.g., server logs, Password Sentry alerts dated 9/21/2013 and 10/5/2013) and the production letters from both Tumblr and Google, allowed Mr. Robi to tie everything together.  In other words, the evidence that is available now (and obtained after the Court's Order dated April 21, 2014) made it possible for the computer forensics expert to provide his assessment.

---

[1] See <u>Docket No. 21</u>.
[2] See <u>Compl.</u>, at ¶¶ 9-13, 22-33; see also <u>Docket No. 18-1</u>, at ¶¶ 12, 15, 19-22.
[3] See <u>Docket No. 18-1</u>, at ¶ 11.
[4] See <u>Docket No. 18-2</u>, pp. 10:21 (See Exhibit "2" which indicates Tumblr's response to Plaintiff's subpoena).

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

## II.    ARGUMENT

### A.  Plaintiff Has Properly Alleged That Defendant John Doe Intentionally Accessed Plaintiff's Protected Computer Without Authorization, And As A Result of Such Conduct, Caused Damage

To successfully bring an action under 18 U.S.C. 1030(a)(5)(A)(iii), a plaintiff must show that the defendant: (1) accessed a protected computer; (2) without authorization; (3) intentionally; and (4) as a result of such conduct, caused damage.  *Multiven, Inc. v. Cisco Sys.*, 725 F. Supp. 2d 887, 891 (N.D. Cal. 2010).   In this case, Plaintiff has properly alleged that Defendant John Doe intentionally accessed Plaintiff's protected computer without authorization, and as result of such conduct, caused damage. [5]

### a.  Plaintiff's Servers Constitute Protected Computer

In this instance, Plaintiff's servers constitute "protected computer" because they are used in interstate or foreign commerce or communication. [6]  See *18 U.S.C. § 1030(e)(2)(B)*; see also *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007).

### b.  Defendant John Doe Used Plaintiff's Servers Without Authorization

A person uses a computer without authorization . . . when the person has not received permission to use the computer for any purpose . . . or when the employer has rescinded permission to access the computer and the defendant uses the computer anyway.  See *Multiven, Inc. v. Cisco Sys.*, 725 F. Supp. 2d at 893; see also *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. Nev. 2009).

Here, the record clearly indicates that Defendant John Doe used Plaintiff's computers without authorization since he did not receive permission to use the computer for any purpose. [7]

---

[5] See Compl., at ¶¶ 9, 12, 22-30.
[6] See Compl., at ¶¶ 12, 22, 24, 26-30.
[7] See Docket No. 13-2, at ¶¶ 18-22.

---

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

### c. <u>Defendant John Doe Knowingly and Intentionally Accessed Plaintiff's Servers</u>

A plaintiff cannot prove "intent to defraud" by merely showing that an unauthorized access has taken place. *P.C. Yonkers, Inc. v. Celebrations The Party and Seasonal Superstore, LLC*, 428 F.3d 504, 509 (3d Cir. 2005). It has been held that without a showing of some taking, or use, of information, it is difficult to prove intent to defraud. *Multiven, Inc. v. Cisco Sys.*, 725 F. Supp. 2d at 892. As the Ninth Circuit has recognized on numerous occasions, "[c]ases where intent is a primary issue generally are inappropriate for summary judgment unless all reasonable inferences that could be drawn from the evidence defeat the plaintiff's claims." See *Provenz v. Miller*, 102 F.3d 1478, 1489 (9th Cir. 1996).

In this case, Defendant John Doe knowingly and intentionally accessed Plaintiff's servers on numerous occasions. [8] As stated in Mr. Robi's declaration, Plaintiff's servers were accessed 612 times by using the same 24.179.112.228 IP address that was submitted by Tumblr. As stated hereinabove, the same IP address was linked to Defendant John Doe's email account (i.e., galvygalvy@gmail.com).[9]

### d. <u>Defendant John Doe's Conduct Has Caused Damages Against Plaintiff</u>

The Computer Fraud and Abuse Act defines "damage" as "any impairment to the integrity or availability of data, a program, a system or information." See *18 U.S.C. § 1030(e)(8)*. It defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." See *18 U.S.C. § 1030(e)(11)*.

---

[8] See <u>Compl.</u>, at ¶¶ 12, 23-24, 27, 28, 30; see also <u>Docket No. 18-1</u>, at ¶¶ 12, 15, 19-22.
[9] See <u>Docket No. 18-2</u>, pp. 10:21 (See Exhibit "2" which indicates Tumblr's response to Plaintiff's subpoena).

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

Although, the Ninth Circuit has not explicitly addressed the issue, district courts in the Ninth Circuit have held that it is not necessary for data to be physically changed or erased to constitute damage to that data. *Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1126-27 (W.D. Wash. 2000); *Therapeutic Research Faculty v. NBTY, Inc.,* 488 F. Supp. 2d 991, 996 (E.D. Cal. 2007).  It is sufficient to show that there has been an impairment to the integrity of data, as when an intruder retrieves password information from a computer and the rightful computer owner must take corrective measures "to prevent the infiltration and gathering of confidential information." *Shurgard*, 119 F. Supp. 2d at 1127. The costs associated with investigating intrusions into a computer network and taking subsequent remedial measures are losses within the meaning of the statute.  *Kimberlite Corp. v. Does*, 2008 U.S. Dist. LEXIS 43071, *4 (N.D. Cal. 2008).

In this case, contrary to Defendant John Doe's contentions, Plaintiff has suffered damages and losses from Defendant John Doe's conduct.  Moreover, Plaintiff has alleged that he has suffered from damages and loss as a result of such misconduct.[10]  See *Multiven, Inc. v. Cisco Sys.*, 725 F. Supp. 2d at 895.   In addition, Plaintiff has incurred costs associated with, *inter alia*, investigating intrusions into his computer network (e.g., hiring a computer forensics expert) and taking subsequent remedial measures.

## B.  **Defendant John Doe Is Questioning This Honorable Court's Integrity By Lying Under Oath and Retracting His Statements**

As stated in Plaintiff's Motion for Reconsideration, Defendant John Doe committed perjury because he willfully and contrary to his oath stated or subscribed a material matter which he did not believe to be true.[11]   However, now after being exposed, Defendant John Doe states that he did not know that he had a Blogger.com profile with the profile identification

---

[10] See Compl., at ¶¶ 10, 24, 28-31, 33; see also Prayer For Relief.
[11] See Docket No. 18, pgs. 8-10.

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

number "13746290171246332448." [12]   Furthermore, he states that "[he] did not knowingly or

willfully make false or misleading statements in [his] declaration dated February 27, 2014." [13]

These statements are flagrant lies and should not obviate sanctions.  In this matter, Defendant

John Doe's statements beg the following questions:

i.      Why did neither Defendant John Doe nor his counsel conduct a basic
        investigation to learn the proper Uniform Resource Locator that was associated
        with his Blogger.com profile?
ii.     Why did Defendant John Doe make an untrue statement under oath that could
        have exposed him to sanctions?
iii.    Why did not Defendant John Doe declare that he owned or operated a blog
        under Blogger.com, but he was unsure as to the specific profile identification
        number and/or Uniform Resource Locator?

        The abovementioned items should be investigated by this Honorable Court, and if

necessary, it should demand an amended response, accompanied with supporting evidence,

from Defendant John Doe.   In general, every web page is identified by a unique Uniform

Resource Locator ("URL"). *Resonate Inc. v. Alteon Websystems, Inc.,* 338 F.3d 1360, 1361

(Fed. Cir. 2003).   In fact, web pages are stored on 'web sites,' locations on the World Wide

Web comprising one or more computers, known as servers. *Id.*, at 1362.  So, every web site has

a home page, which is identified by a URL and is the first document users see when they first

connect to the web site.  Also, associated with each web site is a domain name, usually part of

the URL.  *Id.*, at 1362; see also *6-18B Chisum on Patents § 18.7*, fn. 491-493.

        Each web server typically is identified by a unique 32-bit numeric address known as an

Internet Protocol address, or IP address.  *Resonate Inc. v. Alteon Websystems, Inc.,* 338 F.3d, at

1362.  When a user requests a web page by entering a URL into a browser, the URL is sent to a

domain name system ("DNS") server, which uses a look-up table to translate the domain name

in the URL into the IP address of a server associated with the web site being accessed.  *Ibid.*

---

[12] See <u>Docket No. 21-1</u>, at ¶ 2.
[13] See <u>Docket No. 21-1</u>, at ¶ 3.

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR
RECONSIDERATION**

So, in essence, that IP address is returned to the browser, which then uses the address to initiate a communications session with the server that contains the desired web page.

Hence, based on the foregoing it is absolutely impossible to not know the URL because Defendant John Doe would log in, post, and/or or modify comments, photographs, or other information about Plaintiff and his immediate family. [14]   Stated otherwise, Defendant John Doe willfully and contrary to his oath stated or subscribed a material matter which he did not believe to be true. [15]  See also *18 U.S.C. §§ 1621, 1623*.

## C. Plaintiff Has A Valid Claim for Civil Harassment and Invasion of Privacy

In this case, Defendants have threatened, harassed or intimidated Plaintiff by sending messages. [16]  This type of conduct is certainly illegal.  See *C.C.P. § 527.6*; *Smith v. Silvey,* 149 Cal. App. 3d 400 (Cal. App. 2d Dist. 1983); *Schraer v. Berkeley Property Owners' Ass'n*, 207 Cal. App. 3d 719 (Cal. App. 1st Dist. 1989); *Kobey v. Morton*, 228 Cal. App. 3d 1055 (Cal. App. 4th Dist. 1991).  For example, on or about December 5, 2013, Defendants, and each of them, sent an anonymous email message to Plaintiff, by using SilentSender.com, and attached a semi-nude photograph thereto.  Therein, Defendants stated "Hello Mrs. Biggs.  Family Safe?" Attached hereto as Exhibit "1" and incorporated by reference herein is a true and correct copy of the anonymous email message and semi-nude photograph.

In addition, Defendants posted fake, duplicated, and/or manipulated photographs (by using special software) in order to alarm, annoy, or harass Plaintiff and his immediate family. For example, on or about December 27, 2013, Defendants submitted fake electronic greeting cards, duplicated or manipulated photographs, poems, and posted various fake images on

---

[14] See Compl., at ¶ 11.
[15] See Docket No. 18, Section IV(c), pgs. 8-9.
[16] See Compl., at ¶ 15.

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

Tumblr.com. [17]  Attached hereto as Exhibit "2" and incorporated by reference herein are true and correct copies of the fake electronic greeting cards, duplicated or manipulated photographs and poems.

As mentioned hereinabove, Defendant John Doe intruded upon a private place, conversation or matter in a manner highly offensive to Plaintiff and his family. See *Opperman v. Path, Inc*., 2014 U.S. Dist. LEXIS 67225 (N.D. Cal. May 14, 2014).  In this instance, Plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source since Defendant John Doe submitted a greeting card and mentioned his wife's real name (i.e., Kellie) therein.  *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 231 (Cal. 1998); see also *Restat 2d of Torts*, § 652B.   Moreover, on or about December 27, 2013, Defendant John Doe submitted an email, and attached a manipulated photograph, which included a poem mentioning his wife's real name. [18]

Here, there is ample evidence which constitutes harassment and invasion of privacy. For example, Defendant John Doe included a street-view image in his electronic greeting card that shows where Plaintiff resides at this time.  Moreover, "Dee Dee" is the name of Plaintiff's previous homeowner.  Plaintiff currently resides on "Ellen Davies" Drive.  "Peppercorn" is the house Plaintiff rented from 2010-2102.  "Largo" is the town in Florida where Plaintiff lived from 1997-2005.  "Rosetree" is the street Plaintiff lived on from 2005-2010 in Florida.   In fact, Defendant John Doe stated: "But you could rent old Rosetree … [i]f you wanted to" in the poem that is attached hereto. [19]   Finally, "Heritage" is the street "Heritage Way" wherein Plaintiff used to reside on from 1998-2005.

As the record indicates, Defendant John Doe has crossed the line since there is no valid

---

[17] See Compl., at ¶ 16.
[18] See Exhibit "2"
[19] See Exhibit "2"

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**

reason to submit such correspondences towards Plaintiff or his family.   Hence, such conduct is in violation of state or federal laws, including, but not limited to, Code of Civil Procedure section 527.6.

### III.   CONCLUSION

In conclusion, Plaintiff respectfully requests that this Court reconsider its prior decision and order Defendant John Doe to disclose his/her true identity and location.   In addition, Plaintiff requests sanctions in the amount of Five Thousand Dollars ($5,000) against Defendant John Doe for committing perjury.

Dated:  May 27, 2014                    **LAW OFFICES OF SALAR ATRIZADEH**


                                        By:   /s/  Salar Atrizadeh
                                              SALAR ATRIZADEH, ESQ.
                                              Attorneys for Plaintiff
                                              KEITH BIGGS

**PLAINTIFF KEITH BIGGS' RESPONSE TO DEFENDANT JOHN DOE'S OPPOSITION TO MOTION FOR RECONSIDERATION**